## REECE v. UNITED STATES.

(District Court, W. D. Missouri, S. W. D.
February 2, 1927.)

No. 431.

Army and navy ⊚⎓⎓51½, New, vol. 12A Key-
No. Series—"Disagreement" over contract of
war risk insurance appearing on face of plead-
ing is essential to give court jurisdiction of ac-
tion (World War Veterans' Act 1924, § 19,
amended by Act March 4, 1925, § 2 [Comp.
St. § 9127½—19]).

Under World War Veterans' Act 1924, § 19,
as amended by Act March 4, 1925, § 2 (Comp. St.
§ 9127½—19), authorizing an action against
the United States in a District Court on a
claim under a contract of insurance "in the
event of disagreement between the Bureau and
any person or persons claiming thereunder,"
it is essential to the jurisdiction of the court
that it appear on the face of plaintiff's plead-
ing that there is a "disagreement" which raises
the controversy to be determined, and a peti-
tion which merely discloses existence of a
claim is insufficient.

At Law. Action by Fred Levi Reece
against the United States. On motion by de-
fendant to dismiss. Granted, subject to leave
to amend petition.

A. W. Thurman, of Joplin, Mo., for plain-
tiff. .

Roscoe C. Patterson, U. S. Atty., and
Harry L. Thomas, Asst. U. S. Atty., both of .
Kansas City, Mo.

REEVES, District Judge. The govern-
ment has moved to dismiss the above action,
which is on a war risk insurance policy. The
basis of the motion is that the petition does
not contain jurisdictional averments.

Section 19 of the World War Veterans'
Act, approved June 7, 1924, and as amended
March 4, 1925, provides for suits against the
government on contracts of insurance grant-
ed by it. The language is as follows:

"In the event of disagreement as to claim
under a contract of insurance between the
Bureau and any person or persons claiming
thereunder, an action on the claim may be
brought against the United States • • •
in the District Court of the United States in
and for the district in which such persons or
any one of them resides, and jurisdiction is
hereby conferred upon such courts to hear
and determine all such controversies." Comp.
St. § 9127½—19. .

A proper construction of the foregoing
provision means that jurisdiction is confer-
red only where there is a controversy be-
tween the Bureau and the claimant under the
contract. "In the event of disagreement
• • • under a contract of insurance be-
tween the Bureau and any person • • •
jurisdiction is hereby conferred," etc. In the
absence of such a disagreement or contro-
versy jurisdiction would not be conferred. It
is the duty of the court to look to its own ju-
risdiction.

An inspection of the petition in this case
fails to disclose such a jurisdictional averment
as to entitle the court to entertain the cause.
It may be that there has been no controversy
or disagreement between the Bureau and the
claimant. In that event, the court obviously
would have no jurisdiction. It must appear
on the face of the petition that there has been
such a disagreement and that as a result
thereof the controversy may be submitted to
this court under the statute.

It follows that the petition should be dis-
missed. This does not preclude the plaintiff
from interposing a claim under his contract.
If there has been such a disagreement, per-
mission will be granted for an amendment to
the petition so that the jurisdictional facts
may appear. If there has been no such dis-
agreement with the Bureau, then it would be
proper to present the claim to the Bureau
conformable to the procedure required by the
director, and, if finally a disagreement and a
controversy should arise, plaintiff can resort
to this court upon appropriate allegations
which show that jurisdiction has been confer-
red.

Subject to the above, the motion to dis-
miss will be sustained.